8.1.3 The County reserves the right to waive or to allow any Bidder a reasonable opportunity to cure a minor irregularity or technical deficiency in a bid, provided the irregularity or deficiency does not affect the bid amount or otherwise give the Bidder a competitive advantage. Noncompliance with any requirements of the Contract Documents may cause a bid to be rejected.

8.1.4 If the County rejects all bids and advertises for other bids, such advertisement will be for such time, in such form and in such newspapers as may be determined by the County in accordance with applicable law.

## 8.2 BID EVALUATION PROCEDURE

8.2.1 The Contract will be awarded to the lowest and best Bidder as determined in the discretion of the County or all bids will be rejected in accordance with the following procedures:

8.2.1.1 In determining which Bidder is the lowest, the County shall consider the Base Bid and any Alternate or Alternates which the County determines to accept. Substitutions shall not be considered.

8.2.1.2 The total of the bids for the accepted Alternate(s) shall be added to or deducted from the Base Bid, as applicable, for the purpose of determining the lowest Bidder.

8.2.2 A Bidder for a Contract shall be considered responsive if the Bidder's bid responds the Contract Documents in all material respects and contains no irregularities or deviations from the Contract Documents which would affect the amount of the bid or otherwise give the Bidder a competitive advantage.

8.2.2.1 A Bidder shall be rejected as nonresponsive if the Bidder's bid contains a Bid Guaranty executed by a Surety not licensed in Ohio or a Bid Guaranty that is otherwise determined to be insufficient by the County.

8.2.2.2 A Bidder may be rejected as non-responsive if an interview under paragraph 10.2 discloses that substantial Work has been overlooked.

8.2.2.3 If the lowest Bidder is not responsive, such Bidder shall be notified according to paragraph 8.3.

8.2.3 In determining whether a Bidder is best, factors to be considered include, without limitation:

8.2.3.1 Preferences required by law, where applicable;

8.2.3.2 The experience of the Bidder;

8.2.3.3 The financial condition of the Bidder;

8.2.3.4 The conduct and performance of the Bidder on previous contracts, which shall include, without limitation, compliance with prevailing wage laws and equal opportunity requirements;

8.2.3.5 The facilities of the Bidder;

8.2.3.6 The management skills of the Bidder;

8.2.3.7 The ability of the Bidder to execute the Contract properly;

8.2.3.8 The evaluation of a bid below the median of other bids pursuant to paragraph 9.2;

8.2.3.9 A Bidder who submits a bid for Work for electrical, plumbing, hydronics, refrigeration or heating, ventilating, and air conditioning, may be required to submit evidence of a license from the Ohio Construction Industry Licensing Board;

**EXHIBIT**

tabbies

1

8.2.3.10  A Bidder who submits a bid for work for fire safety, may be required to submit evidence of a license from the State Fire Marshal.

8.2.4  The Construction Manager shall obtain from the lowest responsive Bidder any information the Project Representative deems appropriate to the consideration of factors showing that such Bidder's bid is best, including without limitation the following:

8.2.4.1  Overall experience of the Bidder, including number of years in business under present and former business names;

8.2.4.2  Complete listing of all ongoing and completed public and private construction contracts of the Bidder in the last three years, including the nature and value of each contract and name, address, and phone number for a representative of the owner of each related project;

8.2.4.3  Complete listing of any Environmental Protection Agency (EPA), Occupational Safety and Health Administration (OSHA) or other regulatory entity issues or citations in the last 10 years;

8.2.4.4  Certified financial statement with trade and bank references;

8.2.4.5  Description of relevant facilities to the Bidder;

8.2.4.6  Description of the management experience of the Bidder's project manager(s) and superintendent(s);

8.2.4.7  To support a Bond, a current and signed Certificate of Compliance required under Section 9.311, ORC, issued by the Department of Insurance, showing the Surety is licensed to do business in Ohio;

8.2.4.8  Current Ohio Workers' Compensation Certificate;

8.2.4.9  If the Bidder is a foreign corporation, i.e. not incorporated under the laws of Ohio, a Certificate of Good Standing from the Secretary of State showing the right of the Bidder to do business in the State; or, if the Bidder is an individual or partnership, the Bidder has filed with the Secretary of State a Power of Attorney designating the Secretary of State as the Bidder's agent for the purpose of accepting service of summons in any action brought under Section 153.05, ORC, or under Sections 4123.01 to 4123.95, inclusive, ORC.

8.2.4.10  Information that the Bidder provides a minimum health care medical plan for those employees working on the Project.

8.2.4.11  Information that the Bidder contributes to an employee pension or retirement program for those employees working on the Project.

8.2.4.12  Information that the Bidder only uses skilled trade personnel trained or enrolled in a state or federally approved apprenticeship program or personnel with five (5) years of experience in the specific trade.  Skilled trade is defined as those individuals in mechanical, electrical, plumbing, carpentry, and fire suppression trades.  The labor classification is excluded, as there is not current apprenticeship program for this classification.

8.2.4.13  Information that the Bidder will employ supervisory personnel on this Project that have three (3) or more years in the specific trade and/or maintain the appropriate state license, if any.

8.2.4.14  Information that the Bidder has not been penalized or debarred from any public contracts for falsified certified payroll records or any other violation of the Fair Labor Standards Act in the last five (5) years.

8.2.4.15  Information that the Bidder has not been debarred from public contracts or found by the state (after all appeals) to have violated prevailing wage laws more than three times in a two-year period in the last ten years.

8.2.4.16 Information that the Bidder has implemented an OSHA compliant Safety Program and will provide evidence of such upon request.

8.2.4.17 Information that upon the execution of the Contract Form, the Contractor will make a good faith effort to ensure that all of the Contractor's employees, while working on the Project site, will not purchase, transfer, use or possess illegal drugs or alcohol or abuse prescription drugs in any way.

8.2.4.18 Information that the Bidder maintains a substance abuse policy that its personnel are subject to on the Project and will provide this policy or evidence thereof upon request.

8.2.4.19 To the extent applicable, information that the Bidder is licensed by the Ohio Construction Industry Licensing Board or the State Fire Marshal.

8.2.4.20 Information that the Bidder's construction license has not been revoked in any state.

8.2.4.21 Information that the Bidder has no final judgments against it that have not been satisfied at the time of award in the total amount of fifty percent (50%) of the bid amount of the applicable Contract.

8.2.4.22 Information that the Bidder has complied with unemployment and workers' compensation laws for at least the nine months preceding the date of bid opening.

8.2.4.23 Information that the Bidder for a plumbing, electrical, HVAC, or fire contract will not subcontract greater than seventy-five percent (75%) of the Work under such Contract.

8.2.4.24 Information that the Bidder does not have an Experience Modification Rating of Greater than 3.0 (a penalty-rated employer) with respect to the Bureau of Workers' Compensation risk assessment rating.

8.2.4.25    The bidder certifies that, within the past five (5) years, the bidder, nor any principal, owner, officer, major stockholder (10% or more of the voting shares for publicly traded companies, 25% or more of the shares for all other companies), affiliate[1] or any person involved in the bidding, contracting or leasing process has been the subject of any of the following:

(a)    a judgment or conviction for any business-related conduct constituting a crime under federal, state or local government law including, but not limited to, fraud, extortion, bribery, racketeering, price-fixing or bid collusion or any crime related to truthfulness and/or business conduct.

(b)    a criminal investigation or indictment for any business-related conduct constituting a crime under federal, state or local government law including, but not limited to, fraud, extortion, bribery, racketeering, price-fixing or bid collusion or any crime related to truthfulness and/or business conduct.

(c)    an unsatisfactory judgment, injunction or lien for any business-related conduct obtained by any federal, state or local government agency including, but not limited to, judgments based on taxes owed and fines and penalties assessed by any federal, state, or local government agency.

(d)    an investigation for a civil or criminal violation for any business-related conduct by any federal, state or local agency.

(e)    a grant of immunity for any business-related conduct constituting a crime under federal, state or local governmental law including, but not limited to, fraud, extortion, bribery, racketeering, price-fixing, bid collusion or any crime related to truthfulness and/or business conduct.

(f)    an administrative proceeding or civil action seeking specific performance or restitution in connection with any federal, state or local contract or lease.

(g)    a sanction imposed as a result of judicial or administrative proceedings relative to any business or professional license.

(h)    a consent order with the Ohio Environmental Protection Agency, or a federal, state or local government enforcement determination involving a violation of federal, state, or local environmental laws.

¹"Affiliate" meaning:  (a) any entity in which the vendor owns more than 50% of the voting stock; (b) any individual, entity or group of principal owners or officers who own more than 50% of the voting stock of the vendor; or (c) any entity whose voting stock is more than 50% owned by the same, individual, entity or group described in clause (b).  In addition, if a vendor owns less than 50% of the voting stock of another entity, but directs or has the right to direct such entity's daily operations, that entity will be an "affiliate" for purposes of this bid.

If the lowest responsive Bidder is best, the Contract shall be awarded to such Bidder unless all bids are rejected.

8.2.5  If the lowest responsive Bidder is not best, and all bids are not rejected, the County shall follow the procedure set forth in subparagraph 8.2.4 with each next lowest responsive Bidder until the Contract is awarded, all bids are rejected or all responsive Bidders are determined to be not best.

8.2.6  The Construction Manager may obtain the information described in subparagraph 8.2.4 from several Bidders simultaneously, but shall review each Bidder's information separately and not comparatively.

8.2.7  Upon notification from the Construction Manager, the two apparent Low Bidders and all their lower tier subcontractors shall provide 10 copies of the required information as outlined in article 8.2.4. Each copy of the information shall be placed in a minimum 2 inch thick, three ring note book with a clear see- through cover and adequate space for all materials. Each section 8.2.4.1 through 8.2.4.25 shall be separated by a clear plastic tab with the section number on the tabs and the appropriate information behind each tab. Include additional tabs for a W9 form, proof of registration with the Franklin County Purchasing Department, and a current Liability Insurance Certificate with proper signatory sheet.  The 10 completed binders shall be forwarded to the Construction Manager at least one work day prior to the scope review meeting.

8.3  Rejection

8.3.1  If the lowest Bidder is not responsive or best, the County shall reject such bid and the Project Representative shall notify the Bidder in writing by certified mail of the finding and the reasons for the finding.

8.3.1.1  A Bidder who is notified in accordance with paragraph 8.3.1 may object to such Bidder's rejection by filing a written protest which must be received by the Project Representative within 5 days of the notification provided pursuant to paragraph 8.3.1.

8.3.1.2  Upon receipt of a timely protest, the Project Representative shall meet with the protesting Bidder to listen to the Bidder's objections.

8.3.1.2.1  No award of the Contract shall become final until after the Project Representative has met with all Bidders who have timely filed protests and the award of the Contract is affirmed by the County,

8.3.1.2.2  If all protests are rejected in the County's discretion, the award of the Contract shall be affirmed by the County or all bids shall be rejected.

8.3.1.2.3  If a protest is not rejected, any procedures for the determination of the lowest and best Bidder which have not already been applied to the applicable Bidder shall be completed.  If, in accordance with the applicable procedures, such Bidder is determined to be the lowest and best Bidder, the Contract shall be awarded to such Bidder and any previous awards shall be reversed or all bids shall be rejected.

8.3.2  Ohio Revised Code sections 307.90 and 307.91 permits Franklin County to reject all bids, waive technicalities, and to amend the original estimate and to advertise for new bids on the required items, products, or services.

8.3.3  Franklin County reserves the right to reject any or all of the bids on any basis without disclosure of a reason.  The failure to make such a disclosure will not result in the accrual of any right, claim or cause of action by any unsuccessful contractor against Franklin County.

8.3.4  Bidders failing to respond to all requirements specified in this ITB may result in the rejection of the bid.

## 8.4  NOTICE OF INTENT TO AWARD AND BID CONTESTS

8.4.1  The County shall notify the apparent successful Bidder that upon satisfactory compliance with all conditions precedent for execution of the Contract Form, within the time specified, the County intends to award the Contract to the Bidder.

8.4.2  The County reserves the right to rescind any Notice of Intent to Award if the County determines the Notice of Intent to Award was issued in error.

## 9.  WITHDRAWAL

### 9.1  WITHDRAWAL PRIOR TO BID OPENING

9.1.1  A Bidder may withdraw a bid after the bid has been received by the County, provided the Bidder makes a request in writing and the request is received by the County prior to the time of the bid opening, as determined by the employee or representative of the County designated to open bids.

### 9.2  WITHDRAWAL AFTER BID OPENING

9.2.1  All bids shall remain valid and open for acceptance for a period of at least 60 days after the bid opening; provided, however that during that period a Bidder may withdraw a bid from consideration if the bid amount was substantially lower than the amounts of other bids, providing the bid was submitted in good faith, and the reason for the bid amount being substantially lower was a clerical mistake, as opposed to a judgment mistake, and was actually due to an unintentional and substantial arithmetic error or an unintentional omission of a substantial quantity of Work, labor or material made directly in the compilation of the bid amount.

1          PUBLIC FACILITIES MANAGEMENT

2                FRANKLIN COUNTY

3

4                    - - -

5     In the Matter of:

6

7                 ANIMAL SHELTER

8     ELECTRICAL PROTEST REJECTION MEETING

9               GAYLOR, INC.

10

11                   - - -

12            TRANSCRIPT OF MEETING

13                   - - -

14

15                         Thursday, January 14, 2010
                           2:30 o'clock p.m.
16                         Franklin County Courthouse
                           373 South High Street
17                         Columbus, Ohio  43215

18                   - - -

19

20            TRACI E. PEOPLES
          PROFESSIONAL COURT REPORTER

21                   - - -

22     ANDERSON REPORTING SERVICES, INC.
              3242 West Henderson Road
23            Columbus, Ohio 43220
                (614) 326-0177
24            FAX  (614) 326-0214



EXHIBIT
2
tabbies

```
 1   APPEARANCES:

 2          ANTHONY E. PALMER, JR., ATTORNEY AT LAW
            Franklin County Prosecutor
 3          373 South High Street
            Columbus, Ohio  43215
 4
                    On behalf of Franklin County.
 5
            MICHAEL F. COPLEY, ATTORNEY AT LAW
 6          Copley Law Firm, LLC
            1015 Cole Road
 7          Columbus, Ohio  43119

 8                  On behalf of Gaylor, Inc.

 9                        -  -  -

10   ALSO PRESENT:

11          JAMES A. GOODENOW, DIRECTOR
            RICHARD E. MYERS, ASSISTANT DIRECTOR
12          WAYNE KING, PROJECT MANAGER
            Franklin County Public Facilities Management
13          373 South High Street
            Columbus, Ohio  43215
14
            DON STAFFORD, VICE PRESIDENT
15          Gaylor, Inc.
            4150 Tuller Road, Suite 230
16          Dublin, Ohio  43017

17          PAUL OSLAND, CHIEF OPERATIONS OFFICER
            Gaylor, Inc.
18          11711 North College Avenue, Suite 150
            Carmel, Indiana  46032
19

20                        -  -  -

21

22

23

24
```

1  manager.  I monitor all the bids going in and out of

2  the office, just as I did this one.  And Dick and I

3  met to go through the interview process, which I

4  thought went very well.

5          MR. COPLEY:  It's our understanding there

6  are approximately three pages of things that a

7  contractor is evaluated on in terms of whether they

8  are eligible for awarding the contract within a

9  specification.  It's my understanding that this is

10  really the only hesitation, if you will, to award to

11  Gaylor.  They are the low bid; is that fair to say?

12  I don't know what it's best to call it.  They are

13  the low bid.  We would be wasting our time if we

14  were the second or third low bid.  Can we all agree

15  that they were the low bid?

16          MR. MYERS:  Gaylor was the low numerical

17  bidder.

18          MR. COPLEY:  And the only issue, as to

19  whether or not they are eligible for award, is this

20  issue that we're here on today; and that is whether

21  or not they were found by the State to be in

22  violation of the prevailing wage law in accordance

23  with the County specification.

24          MR. MYERS:  We have 25 points of the

1   quality contract standards that are to be evaluated.

2   We don't at the County -- some of them are performed

3   by the construction manager in this case.  We don't

4   do ours -- due diligence with ours until after the

5   scope review to make sure that the bidders do

6   incorporate everything that the documents require.

7             So once we came back from the scope

8   review that we performed, the request to Wage and

9   Hour for determination of violations by Gaylor, and

10  then we got this back, so we haven't fully completed

11  the quality contracting investigation, if you will.

12            MR. COPLEY:  Okay.

13            MR. MYERS:  To arrive at the best, we did

14  a cursory; but once we hit the prevailing wage, we

15  don't have a choice of major or minor.  It's either

16  a violation determination or not.  So we didn't go

17  with -- we stopped at that point and issued the

18  letter, the rejection letter.

19            MR. COPLEY:  It may be inappropriate to

20  ask about this or not -- feel free to just say, no,

21  we can't answer that -- but one of the questions

22  that I would have is, let's assume that a Court were

23  to say -- or the Department of Commerce or yourself

24  were to say that they were not violations.  Were it

1  not for that reason to not award, it is my

2  understanding then that there would still be some

3  due diligence left to do?

4        MR. MYERS:  That's correct.

5        MR. COPLEY:  Okay.  Would the County be

6  hesitant to do that if that ultimately is the

7  determination?  Is the County still in a position to

8  go forward with the quality determination on Gaylor?

9        MR. MYERS:  I think our position would

10  be -- Jim, correct me if I'm wrong -- we went down

11  and did the prevailing wage first.  Both in our

12  previous awards -- pre-awards, we -- if this weren't

13  an issue, we would have proceeded with the rest of

14  them.  Pension is an important one, and health care

15  is an important one that we spend a lot of time on.

16        MR. COPLEY:  I completely understand

17  that; it makes sense.  The question though is if at

18  some stage of this, whether it's on your own or the

19  courts or the Department of Commerce decide that

20  these are not violations, is there anything

21  preventing the County from going forward with the

22  remainder of the evaluation at that point?

23        MR. MYERS:  No, there wouldn't be.

24        MR. GOODENOW:  That's how we would all

1  expect to proceed once this is resolved.  Obviously,

2  if this issue is resolved somehow along the lines

3  favorable to Gaylor, we would proceed to the

4  remainder of the due diligence review.

5           MR. MYERS:  That's correct.

6           MR. COPLEY:  Did anyone at the Department

7  of Commerce verbally explain any of the records?

8           MR. GOODENOW:  You know, I don't think

9  we're here to answer your questions.  I think I

10  indicated that yesterday.  We're here -- if you've

11  got information you wish to provide, you're welcome

12  to do so; but we're not going to be here to answer

13  your questions.

14           MR. COPLEY:  I just want to note my

15  objection to that, sir.  That's all.

16           MR. GOODENOW:  Okay.

17           MR. COPLEY:  Then we will simply go by

18  the documents that have been presented to us.

19           Paul, has Gaylor ever been debarred from

20  government contracting?

21           MR. OSLAND:  No, we have not.

22           The fact is that the Secretary of State

23  of the State of Ohio actually lists those

24  contractors that have been debarred for prevailing



**Franklin** County

**Where Government Works**

Commissioner Paula Brooks • Commissioner Marilyn Brown • Commissioner John O'Grady
President

**Public Facilities Management**
James A. Goodenow, Director

December 28, 2009

Mr. Don Stafford
Gaylor, Inc.
4150 Tuller Road, Suite 230
Dublin, Ohio 43017

Re:    Franklin County Animal Shelter
        ITB #. 2009-03-62
        Bid Package NO. 26.0 Electrical Systems

Dear Mr. Stafford:

      This letter is being sent to you pursuant to Section 8.3 of the above referenced bid package.  Please be advised that Franklin County has determined that the bid Gaylor, Inc. submitted in the above referenced project is not the best bid, and therefore it is rejecting the same.

      Specifically, Gaylor, Inc. does not satisfy Section 8.2.4.15 of the ITB documents which reads as follows:

            8.2.4.15 Information that the bidder has not been debarred from public contracts
            or found by the state (after all appeals) to have violated prevailing wage laws
            more than three times in a two-year period in the last ten years.

      The attached information demonstrates that Gaylor, Inc. has been found by the State of Ohio to have violated the State's prevailing wage laws more than three times in a two-year period within the last ten years; therefore, Gaylor, Inc. is not eligible for award of this contract.

      Pursuant to Section 8.3.1.1, Gaylor, Inc. may object to this rejection by filing a written protest which must be received by me within five days of this notification.

      Please feel free to contact me if you should have any questions regarding this matter.

Very truly yours,

Richard E. Myers
Assistant Director, Construction
Franklin County Public Facilities Management
373 S. High Street, Lobby Level
Columbus, Ohio 43215-4591
Office (614) 462-5344
Fax (614) 462-3180
E-mail: remyers@franklincountyohio.gov

**EXHIBIT**

tabbies

3



December 30, 2009

Mr. Richard Myers
Franklin County Public Facilities Management
373 South High Street, Lobby Level
Columbus, Ohio 43215-4591

Re: Franklin County Animal Shelter
    ITB #2009-03-62
    Bid Package No. 26.0 Electrical Systems

Dear Mr. Myers:

Gaylor, Inc. has received your registered letter on December 29, 2009 stating Franklin County has rejected our bid for the above referenced project. As your letter indicates and per Section 8.3.1.1 Gaylor, Inc. hereby objects to this rejection and anxiously awaits the opportunity to meet with you per Section 8.3.1.2 to discuss our objections further.

Please advise as to when this meeting would be convenient for you.

Sincerely,

Don Stafford
Branch Manager

**GAYLOR, INC.**
4150 Tuller Road, Suite 230
Dublin, OH 43017
614-761-9304 • Fax 614-761-9305
www.gaylor.com

Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ

EXHIBIT
tabbies®
4



Commissioner John O' Grady · Commissioner Paula Brooks · Commissioner Marilyn Brown
President

**Public Facilities Management**
James A. Goodenow, Director


February 9, 2010

Mr. Don Stafford
Branch Manager
Gaylor, Inc.
4150 Tuller Road, Suite 230
Dublin, Ohio 43017

Re:   Franklin County Animal Shelter
      ITB No. 2009-03-62
      Bid Package No. 26.0 Electrical Systems

Dear Mr. Stafford:

In response to your request, dated December 30, 2009, a meeting was convened to listen to Gaylor, Inc.'s objections to being advised that the firm's bid, submitted in response to ITB No. 2009-03-62, had been rejected. The meeting was conducted on Thursday, January 14, 2010.

The information you provided during the meeting has been thoroughly reviewed. However, please be advised that your protest is denied and Franklin County, pursuant to the provisions of ITB No. 2009-03-62, Section 8.3, Rejection, rejects the bid response submitted by Gaylor, Inc.

Sincerely,

Jim Goodenow
Director
Franklin County Public Facilities Management

Cc:   Mr. Paul Osland, CEO, Gaylor, Inc.
      Mr. Michael F. Copley, Copley Law Firm, LLC
      Mr. Richard E. Myers, PFM, Assistant Director, Construction
      Mr. Wayne King, PFM, Project Manager
      Mr. Anthony Palmer, Assistant Prosecuting Attorney

EXHIBIT
5

In the
# Supreme Court of Ohio

| | | |
|---|---|---|
| STATE ex rel. ASSOCIATED BUILDERS & CONTRACTORS OF CENTRAL OHIO, et al., | : | |
| | : | |
| | : | Case No. 2008-1923 |
| Relators, | : | |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY A. ZURZ, DIRECTOR OF OHIO DEPARTMENT OF COMMERCE, et al., | : | |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

---

## ANSWER OF RESPONDENT KIMBERLY A. ZURZ, DIRECTOR OF THE OHIO DEPARTMENT OF COMMERCE

---

MICHAEL F. COPLEY* (0033796)
  *Counsel of Record*
DOUGLAS M. BEARD (0073759)
KENLEY S. MADDUX (0082786)
The Copley Law Firm, LLC
1015 Cole Road
Galloway, Ohio 43119
614-853-3790
614-467-2000 – fax
mcopley@copleylawfirmlle.com

Counsel for Relators,
Associated Builders &
Contractors of Central Ohio and
The Painting Company

NANCY H. ROGERS
Attorney General of Ohio

DAN E. BELVILLE* (0040250)
*Counsel of Record*
Assistant Attorney General
Chief, Labor Relations Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215-3400
614-644-8462
614-466-4424 fax
dbelville@ag.state.oh.us

Counsel for Respondent
Kimberly A. Zurz, Director
Ohio Department of Commerce

FILED

OCT 22 2008

CLERK OF COURT
SUPREME COURT OF OHIO

EXHIBIT
6

sixty-two (62).

63.     Respondent denies for lack of knowledge the averments contained in Paragraph sixty-three (63).

64.     Respondent reincorporates each answer and denial as previously set forth earlier herein.

65.     Respondent asserts the settlement agreement speaks for itself. Respondent denies the remaining allegations in Paragraph sixty-five (65).

66.     Respondent denies the assertions contained in Paragraph sixty-six (66).

67.     Respondent denies the assertions contained in Paragraph sixty-seven (67). Respondent expressly denies reporting agency determinations as "adjudicated findings".

68.     Respondent denies the assertions contained in Paragraph sixty-eight (68). Respondent expressly denies reporting agency determinations as "adjudicated findings".

69.     Respondent denies the averments contained in Paragraph sixty-nine (69).

70.     Respondent denies the averments contained in Paragraph seventy (70).

71.     Respondent denies the averments contained in Paragraph seventy-one (71).

72.     Respondent denies the averments contained in Paragraph seventy-two (72).

73.     Respondent denies the averments contained in Paragraph seventy-three (73).

74.     Respondent denies the averments contained in Paragraph seventy-four (74).

75.     Respondent reincorporates each answer and denial as previously set forth earlier herein.

76.     Respondent Zurz denies the averments contained in Paragraph seventy-six (76), though there are no specific averments against Respondent Zurz in that Paragraph.

77.     Respondent Zurz denies the averments contained in Paragraph seventy-seven (77), though there are no specific averments against Respondent Zurz in that Paragraph.

78.     Respondent Zurz denies the averments contained in Paragraph seventy-eight (78), though

# HALL, RENDER, KILLIAN, HEATH & LYMAN

Attorneys at Law

Professional Service Corporation

**Stephen W. Lyman**
*-Direct Contact-*
slyman@hallrender.com
Phone: (317) 977-1422
Fax: (317) 633-4888
Secretary: (317) 977-1528

Suite 2000, Box 82064
One American Square, Indianapolis, IN 46282
(317) 633-4884   Fax: (317) 633-4878

January 17, 2006

CERTIFIED MAIL - RETURN RECEIPT REQUESTED
CERTIFIED MAIL NO. 7005 1160 0000 7142 2680

Robert S. Kennedy, Chief
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
50 W. Broad Street, 28th Floor
Columbus, OH 43215

Re:   Project:   Hagerty Rehabilitation Project
      Case #:   04-292-2
      Gaylor Group, Inc.

Dear Mr. Kennedy:

In follow-up to your letter dated December 22, 2005, I am providing to you, on behalf of my client, Gaylor Group, Inc., its Check No. 024486 in the amount of $41,971.03 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above-referenced matter.

Pursuant to our agreement, the Bureau of Wage & Hour has waived any and all penalty assessments.

By entering into this settlement, Gaylor Group, Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

EXHIBIT
7

I sincerely appreciate your consideration as we have worked to resolve this matter.

Very truly yours,

HALL, RENDER, KILLIAN, HEATH & LYMAN, P.S.C.


Stephen W. Lyman

DOXBOX/207419_1
Enclosure



August 14, 2006

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Michele Hanly
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

|     |          |                        |
| --- | -------- | ---------------------- |
| Re: | Project: | OSU Psychology Building |
|     | Case #:  | 05-538-2               |
|     | Gaylor Group, Inc. |              |

Dear Ms. Hanly:

In follow-up to our conversation last Friday, August 11, 2006, I am providing to you check #3246 for $36,413.71 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above referenced matter.

Be entering into this settlement, Gaylor Group, Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR GROUP, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 □ Fax 317.848.0364
www.gaylor.com

Columbus, IN; Fort Wayne, IN; Indianapolis, IN; Rockport, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH



January 4, 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

   Re: Project: Mechanical Improvements
      Case #:  06-024-2
      Gaylor Group, Inc.

Dear Ms. Blackburn

In follow-up to our electronic correspondence today, January 4, 2007, I am providing to you check # 3295 for $3,670.40 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above referenced matter.

Be entering into this settlement, Gaylor Group, Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 ◦ Fax 317.846.0364
www.gaylor.com

Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ



January 30, 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

|  |  |  |
|---|---|---|
| Re: | Project: | Ohio State Hospital Parking Garage |
|  | Case #: | 06-117-2 |
|  | Gaylor Group, Inc. | |

Dear Ms. Blackburn

Gaylor is providing to you check # 3310 for $16,228.22 payable to the order of Ohio
Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that
could have been raised in connection with the above referenced matter.

By entering into this settlement, Gaylor Inc. admits no liability or wrongdoing
whatsoever in connection with this or any other project, and expressly reserves the right
to raise any and all possible claims and defenses on its behalf in connection with any
other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 □ Fax 317.848.0364
www.gaylor.com

Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ



January 12, 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

> Re: Project: North Bank Park Pavilion
> Case #: 06-120-2
> Gaylor Group, Inc.

Dear Ms. Blackburn

As a follow-up to your correspondence dated January 8, 2007, I am providing to you check # 3308 for $2,303.85 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above referenced matter.

By entering into this settlement, Gaylor Group, Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 □ Fax 317.848.0364
www.gaylor.com

*Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ*



January 12, 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

   Re: Project:  West Outpost Facility
      Case #:  06-168-2
      Gaylor Group, Inc.

Dear Ms. Blackburn

As a follow-up to your correspondence dated January 8, 2007, I am providing to you
check # 3307 for $1,924.99 payable to the order of Ohio Bureau of Wage & Hour in full
and final settlement of all claims and issues raised or that could have been raised in
connection with the above referenced matter.

By entering into this settlement, Gaylor Group, Inc. admits no liability or wrongdoing
whatsoever in connection with this or any other project, and expressly reserves the right
to raise any and all possible claims and defenses on its behalf in connection with any
other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 □ Fax 317.848.0364
www.gaylor.com

*Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ*

February 5, 2007

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

> Re: Project: McCracken Power Plant
> Case #: 06-169-2
> Gaylor Group, Inc.

Dear Ms. Blackburn

Gaylor is providing to you check #3311 for $7,139.12 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above referenced matter.

By entering into this settlement, Gaylor Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,


Roger J. White

Enclosure



July 27, 2007

Alice Blackburn
Wage & Hour Bureau
Ohio Dept. of Commerce
Division of Labor and Worker Safety
77 South High Street, 22nd Floor
Columbus, OH 43215

|       | Re: | Project: | River Edge |
|-------|-----|----------|------------|
|       |     | Case #:  | 07-274-2   |
|       |     | Gaylor, Inc. |        |

Dear Ms. Blackburn

In follow-up to the electronic correspondence today, July 27, 2007, I am providing to you check # 23094 for $9,766.31 payable to the order of Ohio Bureau of Wage & Hour in full and final settlement of all claims and issues raised or that could have been raised in connection with the above referenced matter.

Be entering into this settlement, Gaylor, Inc. admits no liability or wrongdoing whatsoever in connection with this or any other project, and expressly reserves the right to raise any and all possible claims and defenses on its behalf in connection with any other audit or project.

I sincerely thank you for your diligence and patience in resolving this matter.

Sincerely,

Roger J. White

Enclosure

**GAYLOR, INC.**
11711 North College Avenue, Suite 150
Carmel, IN 46032
P.O. Box 3757, Carmel, IN 46082
317.843.0577 □ Fax 317.848.0364
www.gaylor.com

Columbus, IN; Fort Wayne, IN; Indianapolis, IN; South Bend, IN; Carrollton, KY; Louisville, KY; Columbus, OH; Phoenix, AZ

RESOLUTION NO.   421-02                          APRIL 9, 2002

RESOLUTION ADDING CERTAIN
QUALITATIVE CRITERIA TO THE
FRANKLIN COUNTY INVITATION
TO BID FOR CONSTRUCTION
PROJECTS WHERE PREVAILING
WAGE REGULATIONS APPLY

(PUBLIC FACILITIES MANAGEMENT)

   WHEREAS, the Franklin County Board of Commissioners wish to add
qualitative criteria to the Invitation to Bid for County Commissioner
construction projects where prevailing wage regulations apply; and

   WHEREAS, the Commissioners themselves and members of their
immediate staff along with the Purchasing Department, Public Facilities
Management Department, representatives of the construction industry, and
representatives of the Small and Emerging Business Commission have met
to deliberate on said criteria; and

   WHEREAS, the Commissioners desire to further ensure that the
County's contractors are compliant with the law, financially stable, and
capable of executing construction contracts in a competent and professional
manner; and

   WHEREAS, the qualitative criteria enumerated in the attached
document will be appropriately included in the Franklin County Invitation to
Bid for construction projects where prevailing wage regulations apply, now,
therefore, upon motion of Commissioner _____Kilroy_____,
seconded by Commissioner _____Stokes_____

BE IT RESOLVED BY THE BOARD OF COMMISSIONERS, FRANKLIN
COUNTY, OHIO:

   That the qualitative criteria enumerated in the attached
   document are hereby approved and will be added to the
   Franklin County Invitation to Bid for construction projects
   managed by the Franklin County Commissioners where
   prevailing wage regulations apply.



EXHIBIT

_(signature)_

ARLENE SHOEMAKER, PRESIDENT

_(signature)_

DEWEY R. STOKES

_(signature)_

MARY JO KILROY
BOARD OF COUNTY
COMMISSIONERS
FRANKLIN COUNTY, OHIO

Voting Nay thereon:

_____

ARLENE SHOEMAKER, PRESIDENT

_____

DEWEY R. STOKES

_____

MARY JO KILROY
BOARD OF COUNTY
COMMISSIONERS
FRANKLIN COUNTY, OHIO

cc:   Journal
       Auditor, Fiscal & Administration
       Purchasing
       Public Facilities Management

The following language shall be added to all Franklin County Invitations to Bid for construction projects managed by the Franklin County Commissioners where prevailing wage regulations apply:

1. As a condition precedent to contract award after bid, Owner shall undertake with bidder a "Constructibility" and Scope review on projects of one hundred thousand dollars ($100,000) or more, at the discretion of the Owner, to verify that bidder included all required work.

2. The Low Bidder whose bid is more than twenty percent (20%) below the next lowest bidder shall list three (3) projects that are each within seventy-five percent (75%) of the bid project estimate for similar projects and that were successfully completed by the bidder not more than five (5) years ago. This information shall be provided, if necessary, at the post-bid scope review.

3. Bidder certifies that Bidder will employ supervisory personnel on this project that have three (3) or more years in the specific trade and/or maintain the appropriate state license, if any.

4. Bidder certifies that Bidder has not been penalized or debarred from any public contracts for falsified certified payroll records or any other violation of the Fair Labor Standards Act in the last five (5) years.

5. Bidder certifies that Bidder has not been debarred from public contracts or found by the state (after all appeals) to have violated prevailing wage laws more than three times in a two-year period in the last ten years.

6. Bidder certifies that Bidder has implemented an OSHA compliant Safety Program and will provide evidence of such upon request.

7. Bidder certifies that Bidder maintains a substance abuse policy that its personnel are subject to on this project. Bidder will provide this policy or evidence thereof upon request.

8. Bidder for a skilled trade contract or fire safety contract certifies that Bidder is a state licensed heating, ventilating, and air conditioning contractor, refrigeration contractor, electrical contractor, plumbing contractor, or hydronics contractor or licensed by the State Fire Marshal.

9. All financial information identified by the bidder as a trade secret and contained herein shall be treated as a trade secret and presumed to be exempt from Ohio's Public Records laws.

10. Bidder certifies that Bidder's construction license has not been revoked in any state.

Voting Aye thereon:

_____
ARLENE SHOEMAKER, PRESIDENT

_____
DEWEY R. STOKES

_____
MARY JO KILROY
BOARD OF COUNTY
COMMISSIONERS
FRANKLIN COUNTY, OHIO

Voting Nay thereon:

_____
ARLENE SHOEMAKER, PRESIDENT

_____
DEWEY R. STOKES

_____
MARY JO KILROY
BOARD OF COUNTY
COMMISSIONERS
FRANKLIN COUNTY, OHIO

cc:  Journal
     Auditor, Fiscal & Administration
     Purchasing
     Public Facilities Management