IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

Gaylor, Inc.,

    Plaintiff,

vs.

Franklin County Board of Commissioners,
et al.

    Defendants.

2:10 cv 183

JUDGE SMITH

MAGISTRATE JUDGE KING

## TEMPORARY RESTRAINING ORDER

On February 26, 2010, Gaylor, Inc. ("Gaylor") filed the above-captioned case alleging that the Franklin County Board of Commissioners ("Board"), James A. Goodenow, Director, Richard E. Meyers, Assistant Director, and Wayne King, Project Manager, in their official capacities of the Department of Public Facilities Management of the Board, and John O'Grady, President, Paula Brooks, Commissioner, and Marilyn Brown, Commissioner, in their official capacities of the Board, have violated Gaylor's rights to due process under Constitution of the United States of America.

This Temporary Restraining Order is entered on behalf of plaintiff Gaylor based on plaintiff's Complaint alleging a violation by defendants of its rights to due process under the Constitution of the United States of America, and the Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction with related exhibits and declarations filed in support thereof.

The Court has authority under 42 U.S.C. § 1983 to issue such temporary restraining orders as may be deemed just enjoin actions alleged to be in violation of the Constitution of the United States of America.

It appears to the Court that defendants intend to proceed with the electrical contract presently awarded notwithstanding the protests and legal filings by the plaintiff. It appears to the Court that plaintiff is substantially likely to prevail at trial in establishing a violation of procedural due process under the Constitution of the United States whereby defendant has deprived plaintiff of its liberty interest.

IT IS THEREFORE ORDERED that defendant Board and all persons acting on its behalf are enjoined from moving forward with the electrical portion of the Franklin County Animal Shelter construction project in any way, including awarding or signing contracts, issuing notice to proceed, commencement of work or purchase of materials; from making or issuing findings that plaintiff Gaylor or any other contractor has violated prevailing wage law without due process; and from debarring plaintiff Gaylor or any other contractor based on its findings of prevailing wage law violations without due process.

IT IS FURTHER ORDERED that this Order shall expire 10 days after entry thereof or on the date of any extension of the expiration date granted by the Court.

IT IS FURTHER ORDERED that the motion of plaintiff for a preliminary injunction shall be heard on _____, 2010, in Room _____ of the Kinneary Federal Courthouse, Columbus, Ohio, at _____.

_____  _____
Date                             United States District Court Judge