IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GAYLOR, INC.,

       Plaintiff,                              CASE NO.: 2:10cv183
                                                 JUDGE GREGORY L. FROST
     v.                                           Magistrate Judge Norah McCann King

FRANKLIN COUNTY BOARD
OF COMMISSIONERS, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion of Defendants Franklin County Board of Commissioners ("Board"), Board Director James A. Goodenow, Board Assistant Director Richard E. Myers, Board Project Manager Wayne King, Board President John O'Grady, Board Member Paula Brooks, and Board Member Marilyn Brown to Dismiss Plaintiff's Complaint or in the Alternative to Stay Proceedings ("Defendants' Motion to Dismiss or Stay") (Doc. # 8) and Plaintiff's Memorandum Contra Defendants' Motion to Dismiss or Stay (Doc. # 10). For the reasons that follow, the Court **DENIES** Defendants' motion.

### I. Background

This action stems from a competitive bidding dispute regarding a bid for a contract for a public project. Plaintiff, Gaylor, Inc., submitted a bid for the electrical systems package on the Franklin County Animal Shelter. On December 28, 2009, Richard E. Myers, Assistant Director of Franklin County Public Facilities Management, notified Plaintiff that it had been "found by the State of Ohio to have violated the State's prevailing wage laws more than three times in a two-year period within the last ten years." (Doc. # 2-2.) Because of this finding, Plaintiff's bid

1

was rejected.

On December 30, 2009, Plaintiff delivered a written protest to Myers. On January 14, 2010, the Board afforded Plaintiff a protest meeting to review the disqualification. On February 9, 2010, the Board notified Plaintiff that it denied his protest and that Plaintiff was disqualified from the pool of bidders for the Animal Shelter project.

On February 22, 2010, Plaintiff filed an original action with the Ohio Supreme Court, *State ex rel. Gaylor, Inc. v. Goodenow*, No. 2010-0330 ("state court action"), in which it sought an emergency stay of the electrical work until the Court could rule on whether the Board possessed jurisdiction under state law to make a finding that a contractor had violated prevailing wage law. In the state court action, Plaintiff sought a writ of prohibition, an alternative writ, and a writ of mandamus. Plaintiff also moved for an emergency stay and an expedited alternative writ. Plaintiff named as defendants three members of the Board.

On February 23, 2010, the Board awarded the Animal Shelter electrical contract to a company that, Plaintiff alleges, submitted a higher bid than Plaintiff's.

On February 26, 2010, Plaintiff filed the instant action "to enforce its federal constitutional rights to not be wrongfully labeled a 'violator' under Ohio law without due process of law." (Doc. # 4 at 4.) In its complaint, Plaintiff seeks a temporary restraining order and preliminary and permanent injunctive relief regarding the Board's consideration of Plaintiff's bid and the Board's decision to award the contract to another contractor.

Also on February 26, 2010, Plaintiff filed before this Court a motion for a temporary restraining order in which it requests "temporary injunctive relief immediately stopping all construction activities on the electrical contract portion of the" Animal Shelter project. (Doc. # 4

2

at 1.) On March 1, 2010, the Court held a conference on the motion for temporary injunctive relief pursuant to Southern District of Ohio Civil Rule 65.1. (Doc. # 6.) As a result, the Court scheduled a hearing on Plaintiff's motion for a temporary restraining order for March 8, 2010, at 5:30 p.m. (Doc. # 7.) The Court also agreed to permit Defendants to submit a motion to dismiss on the basis of abstention, which they did on March 3, 2010. (Doc. # 8.)

On March 4, 2010, Plaintiff filed an amended complaint adding the Ohio Department of Commerce ("Commerce") and Commerce Director Kimberly A. Zurz as party defendants and seeking injunctive and declaratory relief from Commerce. (Doc. # 9.) Additionally, the amended complaint added a request for a declaratory judgment against the Board. Also on March 4, 2010, Plaintiff filed a motion for a temporary restraining order against Commerce. (Doc. # 12.)

On March 5, 2010, Plaintiff filed its memorandum in opposition to Defendants' Motion to Dismiss or Stay. (Doc. # 10.) The Court will now address Defendants' Motion to Dismiss or Stay.

**II. Analysis**

Defendants move this Court to abstain from exercising jurisdiction over the instant action by dismissing Plaintiff's complaint or, in the alternative, staying the proceedings in this case in deference to the state court action. Defendants' request is not well taken.

The United States Supreme Court first articulated the doctrine now known as *Colorado River* abstention in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and then refined it in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). Pursuant to the doctrine, federal district courts may abstain from hearing certain cases in

deference to pending state court cases. *Colorado River*, 424 U.S. at 818-19. As the Sixth Circuit Court of Appeals has explained, "in *Colorado River*, the Supreme Court noted that, despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colorado River*, 424 U.S. at 817). In *Moses H. Cone*, the Supreme Court emphasized that abstention to avoid duplicative litigation is permissible only in exceptional circumstances, and that the mere existence of parallel state and federal proceedings is insufficient to justify abstention. 460 U.S. at 14-15.

To determine whether abstention is appropriate, this Court must undertake a two-part inquiry. First, it must decide whether the case at bar and the state court action are parallel, and then second, the Court must consider certain factors articulated in *Moses H. Cone*. *See Crawley v. Hamilton County Commissioners*, 744 F.2d 28 (6th Cir. 1984); *see also Baskin v. Bath Township Bd. of Zoning*, 15 F.3d 569, 571 (6th Cir. 1994) ("In *Crawley*, the [Sixth Circuit] concluded that before a court reaches the factors articulated in *Moses H. Cone*, it must first determine whether a parallel state-court action exists, otherwise the district court would have nothing in favor of which to abstain." ). Two actions are considered parallel where "the parties are substantially similar" and the claims "are predicated on the same allegations as to the same material facts." *Romine*, 160 F.3d at 340.

In the case at bar, Defendants argue that the parties and the claims are substantially similar. However, since the time Defendant filed its motion, Plaintiff filed an amended complaint adding Commerce and its director as defendants. Further, the amended complaint

4

added claims for due process violations against Commerce and requests for a declaratory judgment regarding the actions of both the Board and Commerce. The implications regarding these new parties and requests for relief have not been briefed. Moreover, as Plaintiff argues, this case involves the question of the constitutionality of the Board's and Commerce's actions, not merely the issue of the interpretation of the Ohio statute that is before the Ohio Supreme Court in the state court action.

While it is certainly a close call, the Court concludes that the facts present in the instant action do not constitute the exceptional circumstances required to justify abstention. That is, the circumstances simply do not present the "clearest justifications" that "must be present for a federal court to stay a proceeding pending completion of a state action." *Madoffe v. Safelite Solutions, LLC*, No. 2:06-cv-771, 2007 WL 496665, 2007 U.S. Dist. LEXIS 9584, at *4-5 (S.D. Ohio Feb. 8, 2007) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 819).

### III. Conclusion

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss or Stay. (Doc. # 8.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE